UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-8086-JMH

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**

**VERONICA MARTINEZ,**

        **Defendant.**
_____/

## PRETRIAL DETENTION ORDER

The Court, pursuant to 18 U.S.C. §3141 *et seq.*, commonly known as the Bail Reform Act of 1984, hereby **ORDERS** that Defendant, **VERONICA MARTINEZ**, be detained pursuant to the provisions of 18 U.S.C. §§ 3142(e) and (f). The Court specifically finds that no conditions or combinations of conditions will reasonably assure the safety of the community and the appearance of the Defendant. The Court makes the following findings of fact with respect to the order for detention.

Pursuant to the Defendant's request for a pretrial detention hearing, a hearing was held on April 2, 2010, in West Palm Beach, Florida. Representing the Government was Assistant United States Attorney Mark Dispoto. Representing the Defendant was AFPD Lori Barrist. At the time of the hearing the Defendant was

1

charged by Complaint with labor trafficking and sex trafficking in violation of Title 18 United States Code Sections 1589(a) and 1591(a)(1). The sex trafficking charge under section 1591 subjects the defendant to a mandatory minimum sentence of fifteen years imprisonment and a maximum of life imprisonment. In its proffer, the Government stated that it was seeking detention on the basis of risk of flight and danger to the community.

**A. The Weight of the Evidence against the Defendant and the Nature and Circumstances of the Offense Charged pursuant to 18 U.S.C. § 3142(g)(1), (2).**

The weight of the evidence against the Defendant is overwhelming. According to the Government's proffer, the complaint, and the testimony of FBI S/A Wende Bardfeld, on March 22, 2010, National Human Trafficking Resource Center received an anonymous tip of labor and sex trafficking at a trailer home in West Palm Beach, Florida. The next day the FBI interviewed a female Honduran national at the residence. She reported that she and her sister had been smuggled into the U.S. in Spring, 2009. She said it was to cost each of them $3,000. When she got to West Palm Beach, she was turned over to the Defendant. Her sister had already been there for several months. The Defendant told them that they now owed $12,000. The Defendant told them they had to work at nightclubs and to engage in prostitution to

pay off their debt. If they did not pay off their debt their mother in Honduras. The sisters proceeded to work at the nightclubs, engage in prostitution, and pay off the debt. In November, 2009, one of the sisters became pregnant, and the Defendant took her to an abortion clinic. The Defendant refused. When the sister was fired from the nightclub, the Defendant told them that the other sister was now responsible for the debt. On March 23, 2010, the Defendant left a recorded message for one of the sisters telling her that she did not care how she got the money to pay off the debt, even if she had to rob a bank. On March 25, 2010, the Defendant called an FBI agent looking for the sisters and told the agent that their mother in Honduras was "worried about them." The sisters related to the FBI that the Defendant had contacted their mother demanding that she pay off their debt. When the Defendant was arrested, she confessed that she had told them that she told them that she did not care how they paid her back, even if they had to rob a bank, and that she told them she would report them to Immigration if they did not pay because they were illegal.

**B.) The History and Characteristics of the Defendant Pursuant to 18 U.S.C. § 3142(g)(3).**

According to the Pretrial Services Report, **VERONICA MARTINEZ** was born in Honduras in 1975ICE has no record of the Defendant's status in the U.S. She is separated and has a 13 year old son. She has no assets. She has arrests for theft

3

and no driver's license, and failures to appear and a bench warrant for failure to appear, which is still outstanding.

### C.) The Nature and Seriousness of the Danger to any Person or the Community that Would be Posed by the Defendant's Release Pursuant to 18 U.S.C. § 3142(g).

This Court finds that there is no condition or combination of conditions of release which will reasonably assure the safety of any other person and the community, and the appearance of the Defendant. Such finding is based on the following factors.

(1) The weight of the evidence is overwhelming.

(2) The crimes with which she is charged are very serious.

(3) There is a mandatory minimum sentence of 15 years and the likely sentence is very substantial.

(4) The Defendant has few ties to the community and is an illegal alien.

The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, and by a preponderance of the evidence that no condition or combination of conditions will reasonably assurance the Defendant's appearance as directed. Accordingly, this Court **ORDERS** that **VERONICA MARTINEZ** be detained on the bases of danger to the community and risk of flight.

**IT IS, THEREFORE, HEREBY ORDERED** that **VERONICA MARTINEZ** be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Court also directs that **VERONICA MARTINEZ** be afforded reasonable opportunity for private consultation with counsel, and that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers this 7 day of April, 2010, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
  JAMES M. HOPKINS
   UNITED STATES MAGISTRATE JUDGE

Copies to:
counsel of record
U.S. Marshal Service
U.S. Pretrial Services