UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80059-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

VERONICA MARTINEZ,

    Defendant.
_____/

**OBJECTIONS TO THE PRESENTENCE REPORT**

    The defendant, VERONICA MARTINEZ, through counsel, files the following Objections to the Presentence Report, and in support states:

**I. FACTUAL OBJECTIONS**

**A. The Offense Conduct**

    **1. Paragraph 13:** The defendant did not give L.M. cocaine nor did she show her how to snort it. She did not "instruct" her to use cocaine because "it will make her feel better."

    **2. Paragraph 14:** At no time did the defendant instruct L.M. to dance on the bar wearing nothing but her brassiere and underwear. First, there was no dancing on the bar. Second, the women wore sexy clothes, not their underwear.

    **3. Paragraph 15:** L.M. did not dance on the bar for an hour. She did not "put her clothes back on" and return to work. She was at work.

    **4. Paragraph 16:** The defendant worked at the bar every Thursday through Sunday night along with both L.M. and E.M. All three danced with the customers, not on the bar.

    **5. Paragraph 17:** The defendant did not give L.M. cocaine. She did not charge L.M. for cocaine.

She did not instruct L.M. to sell cocaine to the customers or take the money that L.M. made from selling cocaine as payment towards the smuggling debt.

**6. Paragraph 21:** Again, the defendant, **along with** both women, worked at the bar from Thursday to Sunday nights. The defendant did not negotiate to sell cocaine to the customers or instruct E.M. to deliver cocaine to them inside the bar.

**7. Paragraph 26:** The defendant did not tell E.M. that she hoped she got AIDS or hit by a car.

**8. Paragraph 28:** E.M. lived in the trailer with the defendant for only a few weeks - from July 2009 when she arrived until August 2009 when she returned to Houston for three weeks. When she returned, she stayed briefly at the trailer, then moved in with "Alfredo" who she met at El Alacran. Next, E.M moved in with "Carlos."  L.M. left the trailer every Monday with "Elcido," returning on Thursday night in time for work, always with new clothes that she bought.  The women had their own cell phones as well as their own money for shopping and social activities.

**9. Paragraph 29:** The defendant did not threaten to have "Carlos" killed.

**10. Paragraph 30:** The defendant did not pressure or coerce either L.M. or E.M. to have sex for money with customers from El Alacran. She did not arrange prostitution dates. She did not force L.M. to have sex with "a frequent client" to raise bond money for her son.

**11. Paragraph 32:** The defendant did not arrange for a male customer to come to the defendant's trailer to pick up E.M. for sex in November 2009 or at any time.

**12. Paragraph 33:** The defendant did not cause E.M. to have sex with a customer in December 2009 or at any time.

**13. Paragraph 34:** The defendant did not pressure and coerce E.M. to go out with "Alfredo." E.M. met "Alfredo" at a party at the defendant's residence and began living with him.

**14. Paragraph 35:** Again, this did not occur. At no time did the defendant "pressure and coerce" either L.M. or E.M. to have sex with the customers.

**15. Paragraph 36:** The defendant did not "grope" a male customer in the men's bathroom at El Alacran nor did she tell L.M. to do so.

**16. Paragraph 37:** The defendant did not tell E.M. that she was going to take E.M to Miami to get an abortion. She asked her if she wanted to go; E.M. did not want to go.

**17. Paragraph 38:** When El Alacran closed, the defendant arranged for both E.M. and L.M. **as well as** herself to work at El Rancho.

### B. Adult Criminal Convictions

**18. Paragraph 75:** Though the defendant received no points for this conviction, the felony theft charge was reduced to a misdemeanor, the 6 month jail sentence she received was suspended, and she was placed on probation.

### C. Personal and Family Data

**19. Paragraph 85:** The defendant lived with L.M., not E.M., prior to her arrest. The defendant's boyfriend, Tomas, and her four children also lived in the trailer. E.M. was not there. Two weeks prior to the defendant's arrest, she and L.M. moved into another trailer in the same trailer park.

### D. Employment Record

**20. Paragraph 91:** The defendant worked as a waitress/dancer at El Rancho just as L.M. and E.M. did. While they were all called waitresses, their job was to sell food and drinks, and dance with the customers.

**21. Paragraph 92:** The defendant worked the same job as a waitress/dancer at El Alacran.

**22. Paragraph 93:** The defendant just sold food and was employed only as a waitress at Los Catrachos and Rincon Progreseno.

### E. Financial Condition

**23. Paragraph 96:** The defendant no longer owns the two parcels of land in Honduras as her mother sold them.

## II.  LEGAL OBJECTION

### A. Two-level Enhancement for "Serious Bodily Injury"

**24. Paragraph 50:** The presentence report assesses the defendant a two-level enhancement for causing "serious bodily injury" to L.M. There is no further explanation as to what this "serious bodily injury" is. Application Note 1 to §2H4.1(b)(1)(B) provides that the definition of serious bodily injury is found in the Commentary to §1B1.1. Without knowing exactly what the injury was to L.M., it is impossible to determine whether *as a result of the defendant's actions*, L.M. suffered some injury "involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation."

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

*/s Lori Barrist*
Lori Barrist
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 374504
450 Australian Ave. S., Ste 500
West Palm Beach, Florida 33401
Telephone: (561) 833-6288
Fax: (561) 833-0368
E-mail:  Lori_Barrist@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **September 16, 2010**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>  */s Lori Barrist*
>  Lori Barrist

SERVICE LIST

United States of America v. Veronica Martinez
Case No. 10-80059-CR-Middlebrooks
United States Court, Southern District of Florida

**Mark Dispoto and Corey Steinberg**
**United States Attorney's Office**
500 East Broward Blvd.
Seventh Floor
Fort Lauderdale, FL 33394
Telephone: (954) 660-5786
Fax: (954) 356-7336

**Peter Feldman,**
**United States Probation Officer**
501 S. Flagler Drive
Suite 400
West Palm Beach, FL 33401
Telephone: (561) 804-6894
Fax: (561) 655-1049