UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80059-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

VERONICA MARTINEZ,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE REVISED PRE-SENTENCE REPORT

The United States files this response to the defendant Veronica Martinez's Objections to the Revised Pre-Sentence Investigation Report (hereinafter "PSI"). The defendant moves to strike the guideline calculations contained in the revised PSI. Specifically, she argues that the specific offense characteristic, as set forth in U.S.S.G. §2H4.1(b)(4)(b) for another felony offense (attempt to commit criminal sexual abuse) having been committed during the commission of the involuntary servitude, do not apply. For the reasons set forth below, the government does not object to defendant's objections.

The parties in this matter have agreed to make a joint sentencing recommendation of 87 months' imprisonment.[1]  This term of imprisonment represents a sentence at the

---

[1] Footnote 1 of the defendant's Objections states that "[t]he parties are attempting to arrive at a joint sentencing recommendation. These additional objections are being made in case a resolution is not reached." The United States believes that this statement was drafted prior to the parties having agreed to a joint sentencing recommendation.

high end of the guideline range, without regard to the objectionable specific offense characteristic. The parties have agreed to recommend that the appropriate guideline range is the guideline range in the original PSI.

As indicated in the original PSI, the defendant's base offense level under §2H4.1(a)(1) is 22 (*See* PSI ¶49). Defendant should receive a two-level enhancement, pursuant to §2H4.1(b)(1)(B), for victim L.M. sustaining serious bodily injury (*See* PSI ¶50).[2] She should also receive two levels, pursuant to §2H4.1(b)(3)(B), for holding her victims in involuntary servitude between 180 days to one year (*See* PSI ¶51). Finally, she should receive two additional levels, pursuant to §2H4.1(b)(4)(A), for the other felony offense being alien smuggling (*See* PSI ¶52). With a two-level increase for a multiple count adjustment under §3D1.4 ((*See* PSI ¶56), and a three-level reduction for acceptance of responsibility, the defendant's guideline range is 70 to 87 months.

The United States recommends that the court sentence the defendant to 87 months' imprisonment in accordance with the parties' joint recommendation for several reasons. First, the sentence accurately reflects the nature and circumstances of the offense. *See* 18 U.S.C. §3553(a)(1). The defendant pleaded guilty to two counts of alien smuggling and two counts of forced labor. The salient facts that underlie these offenses are that the defendant arranged for the two victims to be smuggled into the United States from Honduras. Initially, the defendant told the victims that it would cost

---

[2] In the Addendum to the PSI, the probation officer states that "the government has adopted the defendant's position as to" her objection regarding the application to the two level enhancement for L.M. suffering serious bodily injury. The government and counsel for the defendant have agreed, as part of their joint recommendation to the court, that this sentencing enhancement does apply. Accordingly, this sentencing enhancement is included in

2

a total of about $6,500 for them to be smuggled into the United States. The defendant told the victims that upon their arrival in the United States, they would be able to repay their smuggling debt by cleaning houses and providing daycare services.

When the victims arrived in the United States, the defendant forced them to work at a local bar to repay their debt. The defendant provided the victims with sexually suggestive clothing and instructed them to talk, dance and drink with the male customers. On several occasions, the male customers paid the victims to touch them on their breasts and between their legs. The victims allowed the customers to touch them in order to repay the monies that the defendant demanded. The victims told the defendant that they did not like to work at the bar and asked if they could work elsewhere. The defendant refused, stating that there were no other jobs available.

The defendant forced the victims to work at the bar every Thursday through Sunday nights. On Thursdays and Sundays, the victims worked from approximately 8:00 p.m. or 9:00 p.m. to 5:00 a.m. On Friday and Saturday nights, they worked from 6:00 p.m. to 5:00 a.m. The victims earned a base salary of $150 per week from the bar owner, and approximately $60 to $100 per night in tips. After every shift, the defendant demanded that the victims turn over all the money they earned to repay their smuggling debt and their daily living expenses. To compel their compliance, the defendant threatened to get the money from the victims' mother if they did not pay.

---

the guideline calculations.

Approximately one week after both victims were in the defendant's custody, the defendant raised their smuggling debt to $12,000.  The defendant did not explain why the amount of the smuggling debt had increased.  The victims continued to work at the bar against their will for about a year in order to repay their smuggling debt.  The defendant's criminal activity ended when both victims were rescued by the FBI in March 2010.

The nature of circumstances of the defendant's crimes demands serious punishment.  The defendant preyed upon two vulnerable illegal immigrants and forced them to work at a job that required them to engage in sexual conduct with male customers, despite their protestations.  As young women who speak no English and have no family or friends in the United States, the victims were powerless to defend themselves from the defendant's criminal conduct.  The defendant's crimes were continuous and ongoing over an extended period of time.  In light of these circumstances, a sentence at the high end of guidelines is reasonable.

Second, a sentence of 87 months also accurately reflects the seriousness of the offenses, promotes respect for the law and provides just punishment.  *See* 18 U.S.C. §3553(a)(2)(A).   As Congress recognized, labor trafficking is "a contemporary manifestation of slavery whose victims are predominantly women and children." Pub.L.No. 106-386, Div. A, § 102(a), 114 Stat. 1464 (Oct. 28, 2000).  The crimes for which the defendant was convicted are extraordinarily serious and, thus, warrant serious punishment.

Finally, the parties' recommended sentence of 87 months affords adequate deterrence to the defendant's serious criminal conduct. *See* 18 U.S.C. §3553(a)(2)(B). It sends an equivocal message to others that crimes involving the victimization of vulnerable women will not be tolerated in our civilized society.

In light of the parties' joint sentencing recommendation, the United States is not seeking the application of the objectionable specific offense characteristic. By forgoing its efforts to prove the objectionable specific offense characteristic, the United States is sparing the victims from having to testify at sentencing about intimate and embarrassing details of their victimization. The United States has consulted closely with the victims who agree with the parties' joint sentencing recommendation.

Therefore, the United States recommends the court impose a sentence of 87 months' imprisonment in accordance with the parties' joint sentencing recommendation. This sentence is sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a).

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

s/ Mark Dispoto
MARK DISPOTO
ASSISTANT UNITED STATES ATTORNEY
Court Id. #A5501143
500 East Broward Boulevard
Ft. Lauderdale, Florida 33301
(954) 660-5786
(954) 356-7230 (FAX)
E-mail: Mark.Dispoto@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 8, 2010, I electronically filed a copy of this document with the Clerk using CM/ECF.

                                                s/ Mark Dispoto
                                                MARK DISPOTO
                                                ASSISTANT UNITED STATES ATTORNEY